**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ALEX PRESLEY STEWART,

Petitioner,

v. Case No. 3:26-cv-2987-WWB-PDB

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner initiated this action by filing a pro se "Emergency Motion for Preliminary Injunctive Relief (Access to Courts)." (Doc. 1). Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at North Florida Detention Center. (*Id.*). Petitioner contends that officials at the facility have confiscated all his legal documents and hindered his access to the courts. (*See generally id.*). He challenges the conditions of his confinement; and as relief, asks the Court to restore his access to the law library, and toll any immigration extensions. (*Id.* at 4).

On October 30, 2026, the Court dismissed this case without prejudice. (Doc. 4). The Court found Petitioner did not file an actual federal petition, his Motion did not provide any information about how his confinement is allegedly unconstitutional, and thus, he failed to properly initiate a habeas corpus case in this Court. (*Id.*). The Court also found that any challenges to the conditions of his confinement should be raised in a 42 U.S.C. § 1983 civil rights suit. (*Id.*).

Before the Court is Petitioner's Motion for Reconsideration (Doc. 6), in which he asks the Court to vacate its dismissal order. He contends that he adequately set forth his challenge to his classification under 8 U.S.C. § 1225 and he offers additional factual allegations to support his claim that officials are hindering his access to the courts. (*See generally id.*).

Federal Rule of Civil Procedure 59(e) and 60 govern motions for reconsideration. *Beach Terrace Condo. Ass'n v. Goldring Inves.*, No. 8:15-cv-1117-T, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). Motions for reconsideration filed within 28 days of the Court's Judgment are governed by Rule 59(e), while motions for reconsideration filed after the 28-day period are governed by Rule 60(b). Here, Plaintiff's Motion was filed within 28 days of the Judgment. The Court thus applies Rule 59(e) in ruling on the Motion.

Rule 59(e) affords the Court discretion to reconsider an order which it has entered. *See Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[] discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of

judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *see also O'Neal*, 958 F.2d at 1047.

Here, Plaintiff has not asserted viable grounds to warrant the Court's reconsideration of its Order. Petitioner does not explain how the filing of his initial "Emergency Motion" properly initiated a federal habeas case with this Court, or why his challenges to the conditions of his confinement should not be raised in a civil rights case. Instead, Plaintiff simply disagrees with the Court's ruling and wants a favorable ruling, but not for any basis which might fall under Rule 59(e). Thus, the Motion is denied.

Therefore, it is **ORDERED** that Plaintiff's Motion to Reconsider (Doc. 6) is **DENIED**. This case will remain closed.

**DONE AND ORDERED** in Jacksonville, Florida, on November 20, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C: Alex Presley Stewart, A222560537